IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINCENT AARON McELVEEN
(ADC#120533)                                                                                            PLAINTIFF

v.                                    Civil No.1:14-cv-01039-SOH-JRM

LT. STEVEN FAULKNER
                                                                                                         DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vincent Aaron McElveen filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 11, 2014. (ECF No. 1.) Now before the Court is Plaintiff's failure to comply with the Court's order and to prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**1.    BACKGROUND**

At the time Plaintiff filed his Complaint, he was incarcerated in the Union County Detention Facility. (ECF. No. 1.) Plaintiff filed a second Complaint on April 10, 2015. This second file indicated he was incarcerated at the DCC-Omega Technical Violator Center as of May 4, 2015. (Civil File 1:15-01021, ECF No. 1.)

In his Complaint, Plaintiff claims Defendant violated his constitutional rights by denying him medical care for his shoulder and made blanket statements about other detention center staff. (ECF No. 1.)

On July 11, 2014, Plaintiff was ordered to submit an Amended Complaint by July 30, 2014 and was sent a blank court-approved § 1983 form to use in doing so. (ECF No. 3.)

On May 12, 2015, the Court filed an Order to Change Address and Show Cause, giving Plaintiff until May 26, 2015 to show cause as to why he failed to keep the Court informed of his mailing address and failed to file his Amended Complaint. (ECF No. 10.)

As of June 3, 2015, Plaintiff has not responded. No mail has been returned as undeliverable.

**2.     APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

2

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3. DISCUSSION**

Plaintiff has failed to comply with the Court's July 11, 2014 and May 12, 2015 Orders to keep the Court apprised of his address. Both of these Orders explicitly advised Plaintiff that failure to comply could result in dismissal of his case. (ECF No. 3, 10) Plaintiff failed to file his Amended Complaint by July 30, 2014. Plaintiff failed to respond to the Order to Show Cause, which explicitly advised Plaintiff that failure to comply could result in dismissal of his case. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with Court Orders and to

prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of June 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE